# IN THE COURT OF APPEALS OF IOWA

No. 24-1249
Filed October 29, 2025


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRENTON DAVID BARNETT,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Decatur County, Patrick W. Greenwood, Judge.


        A defendant challenges the sufficiency of the evidence supporting his convictions. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit and Nicholas Siefert, Assistant Attorneys General, and Samuel Augustyn, law student, for appellee.


        Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**AHLERS, Presiding Judge.**

The State alleged Trenton Barnett went back to a rental property from which his now-wife had been evicted, kicked in the garage door, and retrieved property he had stored in the garage. Accordingly, the State charged Barnett with criminal mischief in the third degree and trespass causing damage. A jury found Barnett guilty of both crimes. Barnett appeals. He challenges the sufficiency of the evidence supporting the convictions.

We review sufficiency-of-the-evidence challenges for correction of errors at law. *State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2022). In conducting such review, we are highly deferential to the jury's verdict and are bound by it if it is supported by substantial evidence. *Id.* Evidence is substantial if it is sufficient to convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Id.* at 516–17. In deciding whether substantial evidence supports a verdict, "we view the evidence in the light most favorable to the State, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* at 517 (cleaned up).

The district court gave this marshaling instruction to the jury on the criminal-mischief charge:

> The State must prove all the following elements of criminal mischief:
> 1. On or about August 8, 2022, the defendant damaged, altered, defaced, or destroyed a door belonging to [the rental property owner].
> 2. The defendant acted with the specific intent to damage, deface, alter, or destroy the door.

3. When the defendant damaged, defaced, altered, or destroyed the door, he did not have the right to do so.[1]

As to the trespass-causing-damage charge, the court gave this marshaling instruction:

> The State must prove all the following elements of trespass:
> 1. On or about August 8, 2022, the defendant entered upon the property of another.
> 2. The defendant did not have the express permission of the property owner.
> 3. When the defendant entered, he had the specific intent to remove or to alter or to damage any object on the property.[2]

Barnett did not object to the relevant jury instructions, so they became the law of the case for purposes of assessing his sufficiency-of-the-evidence challenge. *See State v. Schwartz*, 7 N.W.3d 756, 764 (Iowa 2024).

Barnett challenges only the sufficiency of the evidence supporting the specific-intent element of each charge. He bases his challenge largely on his own testimony. He points to the fact that he testified that he did not damage the garage door, he did not kick in the door, and the door was unlocked—or at least it opened without forcing it. So, he argues, as to both charges, the State failed to prove he

---

[1] A subsequent instruction and verdict form required the jury to determine the amount of damage done to the property to determine the degree of criminal mischief. *See* Iowa Code §§ 716.3–.6 (2022) (defining the degree of criminal mischief by the cost of replacing, repairing, or restoring the damaged property). The jury determined the cost to repair or replace the damaged property exceeded seven hundred fifty dollars but did not exceed one thousand five hundred dollars, making the crime criminal mischief in the third degree. *See id.* § 716.5(1)(a). Barnett does not challenge this finding by the jury.

[2] A subsequent instruction and verdict form required the jury to determine whether Barnett caused more than three hundred dollars of damage. *See* Iowa Code § 716.8(2) (making a trespass that causes damage in an amount more than three hundred dollars a serious misdemeanor). The jury determined that Barnett's trespass caused more than three hundred dollars damage. Barnett does not challenge this finding by the jury.

had the specific intent to damage the door. But the jury was not obligated to believe Barnett's testimony. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (recognizing that a jury is free to reject certain evidence and credit other evidence).

Applying our standard of review that requires us to view the evidence in the light most favorable to the State, a reasonable juror could have concluded the following. Barnett was living with his now-wife at the premises where the garage was located even though he wasn't on the lease. When his now-wife failed to pay rent, the landlord evicted her, which meant Barnett was required to leave too. When Barnett and his now-wife vacated the property, they returned the keys to the property manager. Nevertheless, the property manager changed the locks on the house and garage and posted a "no trespassing" sign on the garage. The property manager did not give Barnett permission to return to the garage. But, by his own admission, which was corroborated by witnesses, Barnett returned to the property, entered the garage, and removed items he had left behind. Entry to the garage was gained by kicking in the garage door, as evidenced by photographs of and testimony about a boot print on the door and a splintered door jamb. And Barnett's sister testified that Barnett admitted to her that he had kicked in the door.

Based on this evidence, a reasonable juror could conclude that Barnett acted with the specific intent to cause damage to the garage door. As such, there is substantial evidence supporting the jury's guilty verdict on both charges, so we affirm.

**AFFIRMED.**